**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>Texas</u>
                    (State)

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | Bright Agrotech, Inc. |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

8 1 – 4 9 5 4 1 0 6

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1461    Commerce Drive | |
| Number    Street | Number    Street |
| | |
| | P.O. Box |
| Laramie      WY   82070 | |
| City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Albany | |
| County | Number    Street |
| | |
| | City          State    ZIP Code |

**5. Debtor's website (URL)**    https://www.plenty.ag

Debtor   Bright Agrotech, Inc.
_____   Case number (if known)_____
       Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. Check all that apply:

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

1   1   1   4

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

Check one:

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. Check all that apply:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                                 MM / DD / YYYY

         District _____  When _____  Case number _____
                                                 MM / DD / YYYY

Debtor    Bright Agrotech, Inc.                            Case number *(if known)* _____
_____
        Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☑ Yes.   Debtor    See attached Schedule 1.       Relationship _____ <br><br> District _____   When _____ <br>                                                  MM / DD / YYYY <br> Case number, if known _____ |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____
                         Number       Street

                         _____

                         _____     _____
                         City                          State ZIP Code

     **Is the property insured?**

     ☐ No

     ☐ Yes. Insurance agency _____

              Contact name _____

              Phone       _____

---

**▮ Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☑ 200-999 | | |

---

Debtor    Bright Agrotech, Inc.        Case number (if known) _____
       Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/23/2025
         MM / DD / YYYY

✗ *Daniel Malech*
   FFFFAD50887C448...
Signature of authorized representative of debtor

Daniel Malech
Printed name

Title   Interim Chief Executive Officer

**18. Signature of attorney**

✗ *Duston McFaul*
   D783EE2CA5DF4DE...
Signature of attorney for debtor

Date   03/23/2025
       MM / DD / YYYY

Duston K. McFaul
Printed name

Sidley Austin LLP
Firm name

1000     Louisiana Street, Suite 5900
Number     Street

Houston                  Texas     77002
City                     State     ZIP Code

713-495-4500            dmcfaul@sidley.com
Contact phone                 Email address

24003309               Texas
Bar number               State

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities below, including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Plenty Unlimited Texas LLC | 33-4083500 |
| Plenty Unlimited Inc. | 81-1900916 |
| Bright Agrotech, Inc. | 81-4954106 |
| MJNN LLC | N/A |
| White Farms LLC | N/A |
| Blue Gardens LLC | 84-2338487 |
| P F2 VA LLC | 88-3589633 |

# ACTION BY UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS OF
# BRIGHT AGROTECH, INC.

In accordance with Section 141(f) of the Delaware General Corporation Law, and the bylaws of Bright Agrotech, Inc., a Delaware corporation (the "**Company**"), the undersigned, constituting the sole member of the board of directors of the Company (the "**Board**"), hereby takes the following actions and adopts the following resolutions by written consent without a meeting:

**WHEREAS**, following extensive, good-faith, arm's length negotiations, the Board has reached an agreement in principle with certain of its major stakeholders on the terms of a comprehensive restructuring transaction presented to the Board in advance of this consent, which transactions, among other things, has the support of those stakeholders with respect to the implementation of a plan of reorganization or sale process under chapter 11 of the Bankruptcy Code (as defined below);

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the indebtedness, liabilities and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with management and the legal and financial advisors of the Company to fully consider, and has considered, the strategic alternatives available to the Company; and

**WHEREAS**, the Board desires to take the following actions by written consent.

## I.    Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its stockholders, its creditors, and other parties in interest that a voluntary petition (the "**Petition**") be filed by the Company with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and the Board hereby approves the filing of the Petition.

**RESOLVED FURTHER**, that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved, and adopted in all respects.

**RESOLVED FURTHER**, that any officer of the Company (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petition and all documents ancillary thereto, to cause such Petition to be filed with the Bankruptcy Court commencing a case (the "**Chapter 11 Case**"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or

ancillary documents, and (ii) to execute, verify, and file or cause to be filed all such other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as such Authorized Officer shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to pay all expenses, including advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Officer's judgment shall be necessary, appropriate, advisable or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all such payments to be conclusive evidence of such approval and that such Authorized Officer deemed the same to be so necessary, appropriate, advisable or desirable.

## II.    Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Case, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard).

**RESOLVED FURTHER**, that the law firms of Wilson Sonsini Goodrich & Rosati, Professional Corporation and Sidley Austin LLP are hereby retained as counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval.

**RESOLVED FURTHER**, that the firm of Jefferies LLC is hereby retained as investment banker for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval.

**RESOLVED FURTHER**, that the firm of Uzzi & Lall is hereby retained as financial and restructuring advisor for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval.

**RESOLVED FURTHER**, that the firm of Stretto, Inc. is hereby retained as claims and noticing agent and administrative advisor in connection with the Chapter 11 Case, subject to Bankruptcy Court approval.

## III.    Debtor-in-Possession Financing

**RESOLVED**, that the Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of the Company, from the entry into a superpriority, senior secured and priming debtor-in-possession term loan credit facility (the "**DIP Facility**") subject to the terms and conditions set forth in that certain Superpriority Senior Secured Debtor-in-Possession Loan Agreement (as amended, restated, amended and restated,

2

supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among Plenty Unlimited Inc. and Plenty Texas Unlimited LLC, a Texas limited liability company, as borrowers, the lenders from time to time party thereto (collectively the "**DIP Lenders**") and GLAS US, LLC, as administrative agent and collateral agent for such DIP Lenders (in its respective capacities, the "**DIP Agent**" and, collectively, with the DIP Lenders, the "**DIP Secured Parties**"), of new money superpriority senior secured term loans, subject to the terms set forth in the DIP Credit Agreement.

**RESOLVED FURTHER**, that the forms, terms, and provisions of the DIP Credit Agreement be and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to the Board, and the Company is authorized and empowered to (a) enter into each DIP Document as appropriate or necessary, subject to approval by the Bankruptcy Court, and (b) seek entry of any order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents.

**RESOLVED FURTHER**, that the form, terms, and provisions of the proposed interim and final orders authorizing entry into the DIP Documents (each a "**DIP Order**" and together, the "**DIP Orders**") to which the Company is or will be subject, and the actions and transactions contemplated thereby be and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated to execute, deliver, perform, and cause the performance of (a) the DIP Orders and the DIP Credit Agreement, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, together with the DIP Credit Agreement and any other Credit Documents (as defined in the DIP Credit Agreement), and the DIP Orders, the "**DIP Documents**"), and (c) any amendments or modifications thereto as any Authorized Officer in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof.

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders.

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Facility and all fees and expenses incurred

by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## IV.    Approval of the Plan; Disclosure Statement

**RESOLVED**, that the Board has reviewed and considered the materials presented by its financial and legal advisors, including a joint chapter 11 plan of reorganization of the Company and its debtor affiliates (the "**Plan**") and a related disclosure statement (the "**Disclosure Statement**"), and has reviewed and considered the proposed restructuring transactions contemplated by the Plan.

**RESOLVED FURTHER**, that the Board has had an adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to the Company.

**RESOLVED FURTHER**, that the Board has determined that it is desirable and in the best interest of the Company, its creditors, and other parties in interest that the Company file or cause to be filed the Plan and the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions necessary or appropriate to file or cause to file the Plan and the Disclosure Statement.

**RESOLVED FURTHER**, that the form, terms and provisions of the Plan, and the Disclosure Statement are hereby approved.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute and file all other documents or take or cause to be taken any and all such other action as each, in his or her discretion, may deem necessary or advisable to confirm a chapter 11 plan of reorganization that is materially consistent with the Plan.

## V.    Marketing and Sale Process and Strategic Transaction

**RESOLVED**, that the Company, with the assistance of its legal and financial advisors, is authorized to market, or to continue marketing, all or a subset of its assets and/or equity interests, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, through the bankruptcy process in order to receive the highest or otherwise best offer for the sale of all or a subset of the Company's assets and/or equity interests (the "**Sale Process**").

**RESOLVED FURTHER**, that the Company be, and hereby is, and the Authorized Officers shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to file motions with the Bankruptcy Court (the "**Sale Motions**") seeking entry of orders (a) authorizing and approving bidding procedures; (b) approving the Company's entry into a purchase agreement, by and among the Company and certain of its affiliates parties thereto (the "**Purchase Agreement**"), as applicable; (c) approving the form and manner of sale notices, potential assumption and assignment notices, and post-auction notices;

and (d) approving assumption and assignment procedures, among other things (subject in all respects to the terms and conditions of the Purchase Agreement and the approval of the Bankruptcy Court), all substantially in accordance with the documents presented to or described to the Board prior to the date hereof, subject to such modifications thereto as the Authorized Officers may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Officer).

      **RESOLVED FURTHER**, that the Board hereby authorizes, approves, ratifies, and confirms the Company's entry into the Purchase Agreement, as applicable, in the form presented to or described to the Board, with additions, deletions or changes (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) that the Authorized Officers executing the same shall approve (the "**Transaction Documents**") to which the Company is party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the transactions completed thereby.

      **RESOLVED FURTHER**, that the Authorized Officers be, and each of them hereby individually is, authorized and empowered to execute and deliver the Purchase Agreement, the Transaction Documents, and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which the Company is to be a party or as are necessary or appropriate to consummate the transactions contemplated by the Purchase Agreement or the Transaction Documents, in the name and on behalf of the Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Officer executing the same shall approve (the execution and delivery thereof by the Authorized Officer to be conclusive evidence of such Authorized Officer's approval of any such additions, deletions, or changes).

      **RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance the Company's rights and obligations in connection with the Sale Process, including the filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions.

      **RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers, either individually or otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Sale Process.

## VI.    <u>General Authorization and Ratification</u>

      **RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, empowered, on behalf of and in the name of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices,

and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Officer shall be necessary, appropriate, desirable, or advisable to prosecute a successful completion of the Company's Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions and the transactions contemplated by these resolutions, such Authorized Officer's authority thereunto to be evidenced by the taking of such actions.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as such Authorized Officer may determine to be necessary, appropriate, desirable, or advisable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits and other papers or documents to be executed and delivered in such form as such Authorized Officer shall approve, the taking or execution thereof by such Authorized Officer being conclusive evidence of the approval thereof by such Authorized Officer and the Company.

**RESOLVED FURTHER**, that any and all past actions heretofore taken by any Authorized Officer on behalf of and in the name of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed and approved in all respects.

**RESOLVED FURTHER**, that any Authorized Officer is authorized to place a copy of these resolutions in the official records of the Company to document the actions set forth herein as actions taken by the Board.

*[Signature Page Follows]*

This action by written consent shall be effective as of the date of the last signature set forth below. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used.

*Daniel Malech*

_____          Date: March 23, 2025
Daniel Malech                                              _____

**Fill in this information to identify the case:**

Debtor name     **Plenty Unlimited Texas LLC, et al.**

United States Bankruptcy Court for the:   **Southern**    District of **Texas**
                                                     (State)

Case number (If known):     _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim[1] |
| 1 | **Whiting-Turner Contracting Company** 300 E Joppa Rd 8th Floor Towson, MD 21286 | P: 949-863-0800 F: 888-864-5769 pete.valianatos@whiting-turner.com;hella.metzler@whiting-turner.com | Trade Claim* | CUD | | | **$19,988,949.35** |
| 2 | **Electrical Controls & Maintenance Inc.** Attn: S. Sadiq Gill PO Box 395 Richmond, VA 23218 | c/o Durrette, Arkema, Gerson & Gill, PC P: 877-382-9187 F: 804-779-3279 electricalconstmaint@omeda.co | Trade Claim* | CUD | | | **$7,719,818.47** |
| 3 | **OCS IntelliTrak, Inc.** 8660 Seward Rd Fairfield, OH 45011 | P: 513-714-4133 F: 513-714-4173 jhamilton@intellitrak.com | Trade Claim* | CUD | | | **$5,680,074.60** |
| 4 | **Colonial Webb Contractors Company** 100 Shockoe Slip, Floor 2 Richmond, VA 23219 | c/o Corporation Service Company P: 804-916-1400 F: 804-262-6298 Combs@ColonialWebb.com | Trade Claim* | CUD | | | **$3,022,918.42** |
| 5 | **Liphart Steel Co. Inc.** 3308 Rosedale Ave Richmond, VA 23230 | P: 804-355-7481 info@liphartsteel.com | Trade Claim* | CUD | | | **$2,267,100.30** |
| 6 | **Trane U.S. Inc.** 3600 Pammel Creek Road La Crosse, WI 54601 | P: 951-332-3394 F: 973-244-7001 kwessels@trane.com | Trade Claim* | CUD | | | **$2,244,573.01** |
| 7 | **PB Tec USA Inc** 16925 111 ave Edmonton, AB T5M 2S4 | P: 31-174-623-200 F: 31-174-624-654 aaron.morris@pb-tec.com | Trade Claim* | CUD | | | **$1,608,896.01** |
| 8 | **North Coast Electric Company** 2450 8th Ave South Suite 200 Seattle, WA 98134 | P: 360-594-4644 F: 206-621-9156 kmaitre@ncelec.com | Trade Claim | CUD | | | **$1,490,986.47** |

Debtor Name **Plenty Unlimited Texas LLC, et al.**     Case Number     **25-XXXXX**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | C.T. Purcell Excavating, Inc. 17055 Mountain Road Montpelier, VA 23192 | P: 804-883-6333 info@ctpurcellinc.com | Trade Claim* | CUD | | | **$877,215.52** |
| 10 | Barry Wehmiller Design Group, Inc. 25243 Network Place Chicago, IL 60673 | P: 714-957-1041 F: 314-862-8858 ar@bwdesigngroup.com | Trade Claim* | CUD | | | **$819,070.50** |
| 11 | Arbon 195 S Rite Hite Way Milwaukee, WI 53204-1195 | P: 888-816-1313 F: 414-355-9248 info@arboncorp.com | Trade Claim | CUD | | | **$813,544.37** |
| 12 | Prologis 3353 Gateway Blvd Fremont, CA 94538 | P: 415-394-9000 rromero@prologis.com | Lease Payment | CUD | | | **$812,775.01** |
| 13 | San Mateo County Tax Collector PO Box 45901 San Francisco, CA 94145-0901 | P: 866-220-0308 F: 650-599-1511 taxmaster@smcgov.org | Tax Claim | CUD | | | **$613,961.95** |
| 14 | SAMCO Machinery Ltd 351 Passmore Ave. Toronto, ON M1V 3N8 | P: 416-285-0619 F: 416-285-1353 dlevesque@samco-machinery.com | Trade Claim | CUD | | | **$499,001.10** |
| 15 | Century Construction Company Inc. c/o The Law Office of Christopher G. Hill, PC 4860 Cox Road, Suite 200 Glen Allen, VA 23060 | P: 804-626-9466 F: 406-535-1205 estimating@centuryci.com | Trade Claim* | CUD | | | **$492,752.30** |
| 16 | Jacobs Engineering Group Inc. 4 Embarcadero Center Suite 3800 San Francisco, CA 94105 | P: 202.785.5800 F: 202.785.4755 contactus@jacobs.com | Trade Claim | CUD | | | **$458,676.60** |
| 17 | Opulent Techno Pte. Ltd. 22 Sin Ming Lane, #05-79 Midview City, Singapore, 573969 | P: 65-6749-8188 F: 65-6749-9088 ivy.loh@opulent-group.com | Trade Claim | CUD | | | **$405,910.64** |
| 18 | Southern California Edison PO Box 300 Rosemead, CA 91772-0001 | P: 800-655-4555 F: 626-569-2573 claims@sce.com | Utility Claim | CUD | | | **$382,239.17** |
| 19 | City of Compton 205 S Willowbrook Ave Compton, CA 90220 | P: 310-605-6500 F: 310-764-5897 email cwdcd@comptoncity.org | Tax Claim | CUD | | | **$380,390.65** |
| 20 | Amphenol DC Electronics 1870 Little Orchard Street San Jose, CA 95125 | P: 408-947-4500 b_wang@dcelectronics.com | Trade Claim | CUD | | | **$373,688.75** |

Debtor Name **Plenty Unlimited Texas LLC, et al.**  Case Number ___**25-XXXXX**___

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 **United Electric** 10 Bellecor Drive New Castle, DE 19720 | P: 800-322-3374 insidesales@ueonline.com; info@unitedelectricsc.com; CustomerService@ueonline.com | Trade Claim | CUD | | | **$357,155.00** |
| 22 **ACCO Engineered Systems** 888 E Walnut St Pasadena, CA 91101 | P: 714-352-2226 ncdispatch@accoes.com | Trade Claim* | CUD | | | **$353,446.58** |
| 23 **Strickland Waterproofing** 500 N Hoskins Rd Charlotte, NC 28216 | P: 704-347-1345; 800-501-5070 F: 704-347-1347 info@stricklandwaterproofing.com | Trade Claim | CUD | | | **$342,432.10** |
| 24 **Benton Roofing** 814 Tracy Grove Rd Flat Rock, NC 28731 | P: 619-291-6340; 888-622-1622 calebbenton@bentonroofinginc.com; infobentonroofing.com | Trade Claim | CUD | | | **$334,844.90** |
| 25 **Century Concrete LLC** 1364 Air Rail Avenue Virginia Beach, VA 23455 | P: 757-460-5366 F: 757-460-3296 info@centuryconcretedesign.com | Trade Claim* | CUD | | | **$324,423.60** |
| 26 **Realty Income Properties 9, LLC** 11995 El Camino Real San Diego, CA 92130 | P: 877-924-6266 F: 760-317-2949 ir@realtyincome.com | Lease Payment | CUD | | | **$315,000.00** |
| 27 **Direct Pack Inc** 1025 West 8th Street Azusa, CA 91702 | P: 626-380-2360 F: 818-869-1101 annaclinton@directpackinc.com | Trade Claim | CUD | | | **$263,050.86** |
| 28 **Kennerley-Spratling, Inc.** 2116 Farallon Drive San Leandro, CA 94577 | P: 510-351-8230 kahern@ksplastic.com | Trade Claim | CUD | | | **$250,032.95** |
| 29 **Cumming Management Group, Inc.** 25220 Hancock Ave Suite 440 Murrieta, CA 92562 | P: 323-855-4710 asanchez@cumming-group.com | Trade Claim | CUD | | | **$239,095.45** |
| 30 **Empirical Packaging Solutions** 1689 Crown Ave, Suite 5 Lancaster, PA 17601 | P: 809-938-1834 tonyhodson@packempirical.com | Trade Claim | CUD | | | **$237,587.44** |

[1] Amounts are reported in gross and as of the Company's unaudited AP Aging and Accrual schedules as of 3/20/25
*Claimant has asserted a mechanics' or materialmens' lien under Virginia law with respect to the Debtors' Virginia facility located at 13500 N. Enon Church Rd. Chester, VA, 23836.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PLENTY UNLIMITED TEXAS LLC, *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Plenty Unlimited Texas LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby state as follows:

1.      The following corporations, other than a governmental unit, directly or indirectly own 10% or more of any class of the Debtor Plenty Unlimited Inc.'s equity interests:

| Holder | Approximate Percentage of Shares Held |
|---|---|
| SVF Excalibur (Cayman) Limited | 46.84% |
| One Madison Group - Plenty, LLC | 18.68% |
| Walmart Inc. | 12.82% |

2.      Plenty Unlimited Inc. owns 100% of the equity interests in each of the following Debtors: (a) Plenty Unlimited Texas LLC; (b) MJNN LLC; (c) White Farms LLC; (d) Blue Gardens LLC; (e) Bright Agrotech, Inc.; and (f) P F2 VA LLC.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are:  Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633).  The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __Plenty Unlimited Texas LLC, et al.__

United States Bankruptcy Court for the: __Southern__   District of __Texas__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration_____

☑ Other document that requires a declaration __Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1) and 7007.1__

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/23/2025__                ✗ *Daniel Malech*
MM / DD / YYYY                                     └─ FFFFAD50887C448...
                                                      Signature of individual signing on behalf of debtor

                                                      __Daniel Malech__
                                                      Printed name

                                                      __Interim Chief Executive Officer__
                                                      Position or relationship to debtor